AO 91 (Rev. 11/11)  Criminal Complaint

| | | | |
|---|---|---|---|
| AUSA: | C. Barrington Wilkins | Telephone: | (313) 226-9100 |
| Special Agent: | Barry Gatza | Telephone: | (313) 687-0213 |

# UNITED STATES DISTRICT COURT
for the
### Eastern District of Michigan

United States of America
v.
Aaron Devante Johnson

Case: 2:22−mj−30359
Assigned To : Unassigned
Assign. Date : 8/23/2022
CMP: USA v JOHNSON (MAW)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 22, 2022__ in the county of __Wayne__ in the __Eastern__ District of __Michigan SD__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute and Distribution of Controlled Substances |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☐ Continued on the attached sheet.

_____
*Complainant's signature*

Barry Gatza, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: August 23, 2022

_____
*Judge's signature*

City and state: Detroit, Michigan

Hon. Elizabeth Stafford,  United States Magistrate Judge
*Printed name and title*

## **AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Special Agent Barry Gatza, being duly sworn, do hereby state the following:

### I.     INTRODUCTION

**1.** I am a Special Agent "SA" with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been since January 2020. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations and make arrests of offenses enumerated in Title 18, United States Code, Section 2516.

**2.** I have received extensive training at and successfully graduated from the Federal Law Enforcement Training Center in the Criminal Investigator Training Program and ATF Special Agent Basic Training. Prior to becoming an ATF Special Agent, I was a Sheriff Deputy with the County of Bay, Michigan, for over ten years. During which time, I spent three years on the Bay Area Narcotics Enforcement Team (BAYANET) enforcing state narcotics and firearms violations. I have personally investigated and assisted in numerous of cases, which

1

lead to search warrants, arrests, prosecutions, and the seizure of large quantities of narcotics and firearms. I am also a graduate of Ferris State University where I earned a Bachelor's degree in Criminal Justice.

3. During my time in law enforcement, I have participated in numerous criminal investigations, involving firearms crimes, armed drug tracking violations, and offenses by criminal street gangs, among others. During my tenure with the ATF, I have authored multiple Federal Criminal Complaints and Federal Search Warrants of premises, cell phone extraction, and social media data. In addition, I have utilized a variety of investigative techniques and resources as an ATF Special Agent, including physical and electronic surveillance, undercover and various types of informants, and cooperating sources. Through these investigations, my training and experience, and conversations with other agents and other law enforcement personnel, I have become familiar, not only with firearms violations, but also with methods used by gang members and drug traffickers to smuggle and safeguard controlled substances, to distribute controlled substances, and to collect, launder, hide, disguise or conceal related proceeds. I am familiar with methods

2

employed by gang members and large narcotics organizations to attempt to thwart any investigation of their criminal activity. These tactics, employed in part to evade law enforcement, include their criminal use of and association with: multiple residences, multiple cellular phones, counter surveillance, smuggling schemes, false or fictitious identities, coded communications and conversations and the use of firearms to ensure facilitation of the illegal activity.

4. This affidavit includes information provided to me by and/or through other law enforcement agents, investigators and individuals with knowledge of this matter, my investigation, and the review of documents.

5. This affidavit establishes probable cause that Aaron Dvante JOHNSON, date of birth: XX/XX/1992, violated violation Title 21, United States Code, Section 841(a)(1) Possession with intent to distribute and distribution of controlled substances. This affidavit does not include all the information known to law enforcement related to this investigation.

## II. PROBABLE CAUSE

6. On August 22, 2022, ATF SA Barry Gatza obtained a federal search warrant for a premises of 18988 Riverview Street, Detroit,

3

Michigan, which was signed by United States Magistrate Judge Elizabeth Stafford.

7. On August 23, 2022, ATF Special Agents and Task Force Officers (TFO) and Police Officers from the Detroit Police Department executed the issued federal search warrant at the 18988 Riverview Street, Detroit, Michigan residence.

8. During the initial search of the residence, there were multiple people located through the residence. JOHNSON was found on the second floor. During the initial search for people, SA Gatza observed U.S. currency in the toilet located on the second floor that appeared to be stuck at the bottom of the bowl of the toilet.

9. Once the scene was secure, SA Gatza and TFO Stuart Martin conducted an interview with JOHNSON. The interview was conducted outside of the residence. Prior to the questioning of JOHNSON, SA Gatza advised JOHNSON of the federal search warrant. SA Gatza also read JOHNSON his Miranda Rights from the Advice of Rights and Waiver form. JOHNSON advised he understood his rights and agreed to waive them.

<u>The following is summary of the interview and does not contain every detail discussed during the interview.</u>

10. JOHNSON confirmed his identity and his birth date. He advised he currently lives at the residence and moved in approximately two weeks ago. His bedroom was the second-floor bedroom, on the southwest corner of the residence. JOHNSON also stated that he was currently unemployed. When SA Gatza asked JOHNSON about the money that was located in the toilet, JOHNSON knew there was money in the toilet. He stated he was in the bathroom and the money was in his hand. When JOHNSON heard the knocking, the knocking scared him and he dropped the money in the toilet. When asked about any narcotics in the residence, JOHNSON stated there was none.

11. During the search of the residence, there was quantities of suspected crack cocaine, cocaine, and fentanyl, U.S. currency, and drug packaging items (to include digital scales and clear plastic bags. While TFO's and SA's were searching the second-floor toilet, the bottom part of the toilet broke exposing the area where the water travels from the bowl

to the drain. Inside this area, there were four clear plastic bags of suspected crack cocaine, an unknown white powder, and suspected fentanyl that were below the U.S. currency originally observed at the bottom of the toilet bowl. Also, during the search, there was twenty (20) rounds of pistol ammunition in the second-floor bathroom near the toilet. In the southwest bedroom identified as JOHNSON's bedroom, there was three (3) rounds of pistol ammunition in a dresser drawer.

12. The evidence was transported to the ATF Detroit Office. At the ATF Detroit Office, the suspected narcotics located from the second-floor toilet had an approximate weight of:

    a. 66 gross grams of suspected crack cocaine in a clear plastic bag;

    b. 15.9 gross grams of suspected crack cocaine in a clear plastic bag;

    c. 5.5 gross grams of suspected fentanyl in a clear plastic bag;

    d. 3.2 gross grams of an unknown white powder in a clear plastic bag.

        i. The suspected crack cocaine was field tested and yielded

a positive result for cocaine. The suspected fentanyl was not opened, but based on my training and experience in narcotics investigations, the suspected fentanyl is consistent with the color and consistency of fentanyl.

13. JOHNSON's criminal history includes the following felony conviction:

　　a. In 2018, JOHNSON pled guilty to 21 U.S.C. 841 (A)(1) and 846 Conspiracy to possess with intent to distribute and to distribute twenty-eight grams or more of cocaine base. On 09/24/2018, JOHNSON was sentenced to 60 months in federal prison and supervised release for four years.

14. SA Gatza confirmed with the Federal Probation Office that JOHNSON was currently assigned federal supervised release after he was discharged out of federal prison.

## III.   CONCLUSION

15.   Probable cause exists that Aaron Devante JOHNSON, a previously-convicted felon, violation Title 21, United States Code, Section 841(a)(1) Possession with intent to distribute and distribution of controlled substances.

Barry Gatza
Special Agent, ATF

Sworn to and subscribed to me in my presence,
this 23rd day of August, 2022

Honorable Elizabeth Stafford
UNITED STATES MAGISTRATE JUDGE